IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| TIFFANY EDWARDS | § | |
| v. | § | CIVIL ACTION NO. 2:06cv311 |
| COMMISSIONER, SOCIAL SECURITY | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court referred the above-entitled and numbered civil action to United States Magistrate Judge John D. Love. The Magistrate Judge presented for consideration the Magistrate Judge's Report, containing proposed findings of fact and recommendations for disposition.

Plaintiff filed objections, reiterating her contentions, which center on the ALJ's failure to expressly apply SSR 85-16 to determine the extent to which Plaintiff needs closer supervision than other workers require in carrying out even simple instructions. Plaintiff contends that the ALJ failed to apply SSR 85-16, that the failure prejudiced Plaintiff, and that therefore, this Court should reverse the case, regardless of whether substantial evidence supports the ALJ's finding of Plaintiff's mental residual functional capacity to understand, remember, and carry out simple, routine, unskilled tasks.

Plaintiff contends that the Magistrate Judge found that SSR 85-16 was not binding on the ALJ; however, this contention is an inaccurate description of the Report and Recommendation. The Report states, "While express consideration of SSR 85-16 might be beneficial to an ALJ's determination of the mental residual functional capacity of claimants with less than a 70 full scale IQ, Plaintiff cites no legal standard requiring the ALJ to do so." By "express consideration," the Report refers to explicit reference to the consideration of SSR 85-16 in the ALJ's Decision. The Court is not saying that SSR 85-16 is not binding, but is saying that no legal standard requires the ALJ to explicitly address SSR 85-16. The ALJ's omission of explicit reference to SSR 85-16 is the

only basis on which Plaintiff argues entitlement to a remand.

SSR 85-16 says, "[A]n individual, in whom the only finding in intellectual testing is an IQ between 60 and 69, is ordinarily expected to be able to understand simple oral instructions and to be able to carry out these instructions under somewhat closer supervision than required of an individual with a higher IQ. Similarly, an individual who has an IQ between 70 and 79 should ordinarily be able to carry out these instructions under somewhat less close supervision." SSR 85-16 at 3. In Plaintiff's objections, she asserts that this ruling can be alternatively stated to say that "*all individuals functioning at an IQ level between 60 and 69 need closer supervision in the workplace to carry out even the simplest oral instructions.*" To the contrary, SSR 85-16 specifically states that it describes what "ordinarily" is the case for such an individual, rather than what always is the case. Plaintiff's alternative statement of the ruling is overly broad and inaccurate. Even if a mental condition affects most individuals' mental residual functional capacity in a specific way, the condition does not necessarily affect each individual claimant in that specific way. *See Lancellotta v. Secretary of Health and Human Servs.,* 806 F.2d 284, 285 (1st Cir. 1986).

The ALJ concluded that the evidence as a whole, including Dr. Feir's record, clearly demonstrates that although Plaintiff has borderline intellectual functioning, as demonstrated by IQ testing, she retains the ability to perform simple, routine, unskilled tasks. *Tr*. at 19. Disability Determination Services physician Robert White, Ph.D., opined that the record shows that Plaintiff's ability to carry out very short and simple instructions is not significantly limited. *Tr*. at 121.

Apparently, Plaintiff is assuming that ordinarily requiring somewhat closer supervision to carry out simple oral instructions constitutes always having a significantly limited ability to carry

out simple oral instructions. Plaintiff mischaracterizes SSR 85-16 to reach her desired outcome.

Substantial record evidence supports the ALJ's finding of Plaintiff's mental residual functional capacity to understand, remember, and carry out simple, routine, unskilled tasks. No evidence indicates that Plaintiff had a significantly limited ability to carry out simple oral instructions. In objecting to that finding, Plaintiff points out IQ scores and relies on her assertion that the ALJ's failure to expressly address SSR 85-16 in his decision necessitates reversal of the Social Security Administration's decision, regardless of whether substantial evidence supports it.

Furthermore, a claimant is not entitled to procedural perfection in administrative proceedings; remand is appropriate only if a claimant demonstrates that she was prejudiced by a specific failure. *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988). Plaintiff contends that she was prejudiced; however, she does not demonstrate prejudice.

Plaintiff contends that the Social Security Administration (SSA) did not carry its burden at step five to show that Plaintiff can perform work existing in significant numbers in the national economy, because the ALJ failed to apply SSR 85-16. Plaintiff is correct that SSA had the burden at step five to show that Plaintiff can perform work existing in significant numbers in the national economy. The record shows that SSA met that burden; therefore, the burden then shifted to Plaintiff to rebut the step five finding.

This Court has made a *de novo* review of Plaintiff's objections and for the reasons expressed above, determines that the objections lack merit. This Court finds that the Magistrate Judge's findings and conclusions are correct and adopts them as the Court's findings and conclusions. The

Court therefore

**ORDERS**, **ADJUDGES,** and **DECREES** that this action is **DISMISSED**; and

**ORDERS** that all motions not previously ruled on are denied.

SIGNED this 6th day of January, 2009.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE